**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Thomas Sowell, Jr., ) | No. CV 07-1738-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Freescale Semiconductor, Inc., ) | |
| Defendant. ) | |

Currently pending before the Court is Defendant Freescale Semiconductor's Motion to Dismiss (Doc. #6) that, pursuant to Rule 12(d), the Court converted to a motion for summary judgment under Rule 56 (Doc. # 17). As part of the conversion, the Court ordered briefing on two issues: (1) whether equitable tolling applies in this case; and (2) whether the General Release (Doc. #6, Ex. #1) effectively bars Plaintiff's claims. While both parties addressed these issues in their briefs, the Court at this time cannot rule on the motion.

In his supplemental briefing, Plaintiff Walter Thomas Sowell seeks leave to file an amended complaint pursuant to Rule 15(a). Under Rule 15(a)(1)(A), "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading." Thus, if a defendant has not served plaintiff with a responsive pleading, as a matter of law, plaintiff has the right to amend his complaint once without seeking leave. The Ninth Circuit has held that "'a motion to dismiss the complaint is not a responsive pleading' within the meaning of Rule 15(a)." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1158 n.5 (9th Cir.

Case 2:07-cv-01738-JAT   Document 20   Filed 06/26/08   Page 2 of 3

2007) (*quoting Miles v. Dep't of Army*, 881 F.2d 777, 781 (9th Cir. 1989)). If a defendant has only filed a motion to dismiss and not a responsive pleading, a plaintiff does "not need the court's approval to file and an amended complaint." *Id.*

Here, Freescale has not served Sowell with a responsive pleading. Instead, Freescale filed a motion to dismiss. Because a motion to dismiss is not a responsive pleading for purposes of Rule 15(a), Sowell has yet to be served with a responsive pleading. Thus, Sowell still has the right to file an amended complaint once as a matter of course and does not need to seek the Court's leave.

Accordingly, the Court will postpone consideration of the pending motion to allow Sowell to file an amended complaint. Should he file an amended complaint before Defendant answers the original Complaint,[1] the pending motion will become moot as it will no longer respond to the operative complaint. In that case, Defendant shall file its response to the amended complaint within fifteen days.

If by July 11, 2008, Defendant still has not answered the original Complaint and Plaintiff has not filed an amended complaint, then Defendant shall answer the original Complaint by July 18, 2008.[2] Once Defendant answers the Complaint, Plaintiff's automatic right to file an amendment is cut off. If the Defendant answers the original Complaint before Plaintiff files an amended complaint, then the Court shall proceed to the merits of the pending motion.

Accordingly,

**IT IS ORDERED** that if Plaintiff files an amended complaint before Defendant answers the original Complaint, then Defendant shall respond to the amended complaint within fifteen days of its filing.

---

[1] Defendant may file an answer to the Complaint at any time prior to Plaintiff filing an amended complaint.

[2] Pursuant to Federal Rule of Civil Procedure 12(a)(4), the Court can alter the time for filing a responsive pleading.

- 2 -

**IT IS FURTHER ORDERED** that if by July 11, 2008, Defendant has not answered the original Complaint and Plaintiff has not filed an amended complaint, then Defendant shall answer the original Complaint by July 18, 2008.

DATED this 25th day of June, 2008.

James A. Teilborg
United States District Judge